1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT EUGENE ROJAS,

Plaintiff,

v.

COUNTY OF SACRAMENTO, et al.,

Defendants.

No.  2:22-cv-1205 DB P

ORDER

Plaintiff, a former inmate at the Sacramento County Jail, proceeds without counsel and seeks relief under 42 U.S.C. § 1983. This matter was referred to the undersigned by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff's complaint filed on July 7, 2022, is before the court for screening. As set forth below, the complaint contains no factual allegations and fails to state a claim. Plaintiff will be granted leave to file an amended complaint.

I.      **In Forma Pauperis**

Plaintiff seeks to proceed in forma pauperis. (ECF No. 2.) The certificate portion of the request was not completed by plaintiff's institution of incarceration, and plaintiff did not file a certified copy of his jail trust account statement for the six-month period immediately preceding the filing of the complaint. Based on plaintiff's notice of change of address filed in another case and entered in this case, however, it appears plaintiff has been released from custody. Plaintiff's

1

declaration makes the showing required for a non-incarcerated plaintiff to proceed in forma pauperis. The motion will be granted.

**II.      Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a short and plain statement of the claim that shows the pleader is entitled to relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In order to state a cognizable claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. The facts alleged must "'give the defendant fair notice of what the... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555). In reviewing a complaint under this standard, the court accepts as true the allegations of the complaint and construes the pleading in the light most favorable to the plaintiff. See id.; Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**III.      Screening of the Complaint**

The court is unable to screen the complaint because the complaint does not contain any factual allegations in support of the claims for relief. Although the complaint states plaintiff intends to bring claims under the Eighth Amendment and First Amendment, and names two

1    individual defendants in addition to the County of Sacramento, the "supporting facts" section of

2    the complaint is blank. In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege a

3    deprivation of a constitutional right under color of state law. See West v. Atkins, 487 U.S. 42, 48

4    (1988). Section 1983 requires that there be an actual connection or link between the actions of the

5    defendants and the deprivation alleged to have been suffered by a plaintiff. See Monell v.

6    Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A

7    person 'subjects' another to the deprivation of a constitutional right, within the meaning of

8    [S]ection 1983, if she does an affirmative act, participates in another's affirmative acts or omits to

9    perform an act which she is legally required to do that causes the deprivation of which complaint

10   is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)

11       **IV.    Conclusion and Order**

12       The complaint fails to state a claim because it contains no supporting factual allegations,

13   but plaintiff is granted leave to file an amended complaint. See Noll v. Carlson, 809 F.2d 1446,

14   1448-49 (9th Cir. 1987). If plaintiff chooses to file an amended complaint, it should be titled "first

15   amended complaint" and must state what each named defendant did that led to the deprivation of

16   plaintiff's own constitutional rights. See Iqbal, 556 U.S. at 676-77. In the alternative, if plaintiff

17   does not wish to pursue these claims further, plaintiff may file a notice of voluntary dismissal,

18   which will terminate this action by operation of law.

19       This opportunity to amend is not for the purpose of adding new claims. See George v.

20   Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Instead, plaintiff should

21   focus efforts on identifying how his rights have been violated and how each named individual

22   defendant is personally responsible for the alleged violations.

23       An amended complaint supersedes the prior complaint, see Loux v. Rhay, 375 F.2d 55, 57

24   (9th Cir. 1967), and must be "complete in itself without reference to the prior or superseded

25   pleading," E.D. Cal. Local Rule 220. Once plaintiff files an amended complaint, the original

26   pleading no longer serves any function in the case. Therefore, in any amended complaint, plaintiff

27   must sufficiently allege each claim and the involvement of each defendant.

28   ////

3

1  **V.      Order**

2          In accordance with the above, IT IS HEREBY ORDERED:

3          1.  Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.

4          2.  The Clerk's Office shall send plaintiff a blank civil rights complaint form.

5          3. Within thirty days from the date of service of this order, plaintiff must file one of the

6  following:

7                      a.   An amended complaint curing the deficiencies identified in this order;

8                      b.   A notice of election to stand on the complaint as filed; or

9                      c.   A notice of voluntary dismissal.

10          5.   Failure to respond to this order will result in a recommendation that this action be

11  dismissed for failure to obey a court order and failure to prosecute.

12  Dated:  January 17, 2023

13

14

15  DLB7
    roja1205.scrn.nofacts

                                    _____
                                    DEBORAH BARNES
                                    UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28